## No. 29.

STATE OF LOUISIANA VS. GARNETT BROWN.

It is no valid objection to an Indictment, under Section 2 of Act No. 8, Extra Session of 1870, that it charges the accused with severing the crop from the soil of the "succession" of a certain deceased person. Differently from the Common Law, in Louisiana the ownership is laid in the Succession itself, and not in the Administrator thereof.

APPEAL from the Second Judicial District Court, parish of Bossier. *Drew,* J.

J. A. W. Lowry, District Attorney, for the State.

W. G. McDonald and J. Henry Shepherd for Defendant and Appellant.

First—In an indictment, ownership cannot in terms be laid in the estate of a person deceased, but it may be in the administrator by name. Bishop on C. P. vol. II, 3d ed., sec. 725 ; Archbold's C. P. 10th ed., vol. II, sec. 357 ; Wharton's C. L. vol. II, 1837 ; State vs. Woodley, 25 Ga. 235 ; Cole vs. Com. 5 Grattan, 696.

Second—If the owner be unknown, they may be laid as " the goods of a person unknown," but this should be stated in the bill. Wharton's C. L. 1835 ; Archbold I, p. 1160.

The opinion of the Court was delivered by

FENNER, J. This case presents the same assignments of error which were considered and disposed of by us in the case of the State vs. Mason, just decided by us at this term, and for the reasons assigned by us in that case, they are overruled.

Defendant in this case, however, asks the reversal of the judgment on another ground. The indictment is for severing crop " from the soil of another," under section 2 of Act No. 8, Ex. Sess. of 1870 ; and charges the soil to be " the soil of the succession of N. W. Sentell, deceased, worked and rented by Shed Collins."

It is contended that ownership can not be laid in the succession of a person deceased, but must be laid in the executor or administrator by name. This is undoubtedly the rule of the common law, based upon the doctrine recognized in that system, that the legal title to the estate of the deceased vests in the administrator thereof, who is, in the eye of the law, technically the owner ; and hence, where ownership is charged, it must be laid in him.

This doctrine, however, finds no place in the law of Louisiana. The maxim " *le mort saisit le vif* " is expressly embodied in our Civil Code, and excludes the interposition of any temporary and qualified ownership, such as that of administrators, between the deceased and his heir. C. C. 940, *et seq.*

Pending the acceptance or rejection by the heir, which, when made, retroacts to the instant of death, and pending the administration, all " the estates, rights, and charges which a person leaves after his death" are vested in, and belong to the abstraction called " succession," as expressly stated in articles 872 and 873 of Civil Code.

It would be not only an anomaly but an absurdity, in any pleading, civil or criminal, in Louisiana, to allege that the administrator of a succession is the owner of its property.

66

Such ownership rests, and is properly laid in the succession of the deceased, as long as the administration continues.

We, therefore, hold that the common law authorities have no application, and that the objection to the indictment is not well taken.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's costs.